# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA
### SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| Randie L. Bredahl, | ) | |
| Social Security No. XXX-XX-8901, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case No.  3:05 cv106 |
| Jo Anne B.  Barnhart, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

---

### MEMORANDUM AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S  MOTION FOR SUMMARY JUDGMENT AND DIRECTING THE COMMISSIONER TO AWARD BENEFITS

---

### SUMMARY OF DECISION

Because the Commissioner failed to carry her burden that there are jobs available that claimant can perform in the national economy, Plaintiff's Motion for Summary Judgment is GRANTED and the Commissioner's Motion for Summary Judgment is DENIED. Commissioner is directed to award benefits consistent with this court's decision.

### STATEMENT OF THE CASE

This is a proceeding under sections 216 and 223 of Title II of the Social Security Act, 42 U.S.C. §§ 416(I), 423 and for Supplemental Security Income under sections 1602 and

1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1381a. wherein the claimant seeks judicial review of the final determination of the Commissioner of Social Security finding that he was not entitled to disability insurance benefits (hereafter "DIB") and Supplemental Security Income (hereafter "SSI"). The ALJ issued a decision on June 10, 2005, that Plaintiff was not disabled as of September 30, 2001 for the purposes of DIB or as of June 10, 2005 for purposes of SSI. (Tr.13-24). The Appeals Counsel denied Plaintiff's request for review on September 1, 2005. (Tr. 5-7). By operation of law, the decision became the final decision of the Commissioner and this appeal followed.

### FACTUAL BACKGROUND

The Plaintiff was born May 20, 1960. (Tr. 60). Mr. Bredahl's educational background includes a GED and some training in welding. (Tr. 60). His work experience involves  service in the United States Army and thereafter work as a general laborer, vehicle unloader, painter, roof-shingler, welder and nurses aid. (Tr.303-304). Mr. Bredahl has an extensive medical history of back problems. He had noticed pain when mowing his lawn. (Tr. 145). He was treated for back pain by Dr. Laraway in June of 1999. (Tr. 145). He was then seen at the VA by Dr. William Newman in October of 1999. (Tr. 159). The injury was observable on an X-ray. (Tr. 158). On October 6, 1999, Plaintiff was seen by Jonathan Haug in Jamestown. At that time he related previous injuries from a  three-wheeler accident in 1976 and a 1986 jackhammer incident. (Tr. 155). He also reported about his recent lawn mowing injury. (Tr. 155). Mr. Bredahl also related that he was in significant pain, rating the pain as a seven on a ten-point scale. (Tr. 155). Plaintiff sought medications for the pain in November of 1999 relating to these injuries. (Tr. 150). A psychiatric evaluation showed decreased concentration, with flat affect

and mild depression.   (Tr. 153).  He continued to report pain and appeared at the VA in

December of 1999.  (Tr. 158).  At this time Mr. Bredahl  was prescribed  Zoloft for his

depression (Tr. 149).  He continued to seek attention for his back in 2000. (Tr. 184).

He sought chiropractic care in April of 2003 through July 2003.  Tr. 196-198).  A

consultation was performed by a medical doctor at Dakota Clinic on September 23, 2003.  (Tr.

205).  Dr. Estner found Plaintiff disabled from any kind of manual physical job.  (Tr. 205).

Plaintiff had a psychological evaluation on September 23, 2003 performed by Dr. Robert

Gaulkin.  Dr. Gaulkin found the presence of depression and an anxiety symptom producing

severe impairment of occupational functioning.  (Tr. 213).  He continued to report low back pain

in his visits to MedCenter One in Jamestown.  (Tr.258-259).  On November 10, 2003, Plaintiff

continued to complain of back pain.  (Tr. 215-216).  The Nurse Practitioner ordered an MRI

which showed degenerative changes to the spine.  (Tr.215).  Plaintiff was referred for physical

therapy.  He was seen again by Dr. Moore in the summer of 2005, still complaining of back pain.

(Tr. 291).

### DISCUSSION

The standard of review applied to determinations of the Commissioner is deferential, and

the Commissioner's findings are to be affirmed if supported by substantial evidence in the record

as a whole.  Dixon v. Barnhart, 353 F.3d 602, 604 (8th Cir. 2003).  Substantial evidence is less than

a preponderance, but is enough that a reasonable mind would find it adequate to support the

Commissioner's decision.  Sultan v. Barnhart, 368 F. 3d 857, 862 (8th Cir. 2004).  In order to

determine whether evidence is substantial, the court must consider "evidence that detracts from the

commissioner's decision as well as the evidence that supports it."  Id. at 863.  The Commissioner's

decision is not subject to reversal simply because the reviewing court would have reached a different conclusion or because substantial evidence also exists which would support a contrary outcome.  Id.   If after review the court is capable of drawing two inconsistent positions and one of those positions represents the Commissioner's findings, the decision must be affirmed.  Dixon v. Barnhart, 353 F.3d 6602, 605 (8th Cir. 2003).

An individual claiming disability benefits has the burden of proving he or she is unable to return to the type of work in which he or she was formerly engaged due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § 423(d)(1)(A).  If the claimant succeeds, the burden of persuasion shifts to the Commissioner to establish that plaintiff can perform some other type of substantial gainful employment that exist in the national economy in significant numbers.  Clark v. Shalala, 28 F.3d 828, 830 (8th Cir. 1994).

The claim is analyzed pursuant to a five-part test: (1) Is the claimant currently engaged in substantial gainful activity? (2) Does the claimant have a severe impairment or combination of impairments? (3) Does the impairment meet or equal an impairment listed at 20 C.F.R. pt. 404, Subprt. P, app. 1? (If so, disability is automatic); (4) Does the impairment prevent the claimant from doing past relevant work?  And,  (5) Does the impairment prevent the claimant from performing any other work that exists in the regional or national economy in significant numbers? Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); See, 20 C.F.R. §404.1520 (2002).  When a determination that an individual is or is not disabled can be made at any step, evaluation under a subsequent step is unnecessary.  See, Bartlett v. Heckler, 777 F.2d 1318, 1319 (8th Cir. 1985).  At the final stage only is it permitted to consider the claimant's age, education and work experience in light of his or her residual functional capacity.  McCoy v. Schweiker, 683 F.2d 1138,

1141-42 (8th Cir. 1982); 20 C.F.R. §404.1520 (2002).

The record supports the ALJ's findings that Plaintiff has not engaged in substantial gainful activity since the onset of his alleged disability. (Tr. 23). The record also supports the ALJ's conclusion that the claimant is unable to perform any of his past relevant work. (Tr. 23). The record does not however support the ALJ's findings that jobs exist in the national economy that Plaintiff could perform. (Tr. 23).

Once the claimant has proven that he is unable to return to his former employment, the burden shifts to the Commissioner to prove that the claimant can perform other work. Nelson v. Heckler, 712 F.2d 346, 348 (8th Cir 1983). This burden may be satisfied by the testimony of a vocational expert concerning whether there are jobs available that a person with claimant's particular characteristics can perform. Id.

In this case Dr. David Perry, the vocational expert, was asked whether Mr. Bredahl could perform any of his past work. (Tr. 319). The expert stated that he could not, a conclusion that no party disputes. He was then asked whether there were jobs existing in the national economy that would accommodate the limitations suffered by Mr. Bredahl. (Tr. 319). He stated that the job of "a stuffer" and "electronic assembler" could be performed by someone with Plaintiff's limitations, however due to Plaintiff's needs for extra breaks there would "be no substantial number of jobs" available. (Tr. 321). The ALJ agreed with this statement at the hearing but it is not reflected in his findings. (Tr. 321- 23). Likewise, there is no adequate explanation given by the ALJ why this conclusion is not credible or otherwise unsustained on the record. Under these circumstances the Commissioner has failed to carry his burden that there exist jobs in the national economy in significant numbers that the claimant can perform. Having failed to carry the burden of proof through the vocational expert testimony, the Commissioner must award benefits.

The ALJ makes a credibility finding that Plaintiff's allegations of his limitations are not fully credible. (Tr. 23). Here the Court's decision does not turn on Plaintiff's credibility, but rather on the clear evidence that Plaintiff cannot perform his prior work of manual labor and the vocational expert's unequivocal testimony that jobs do not exist in the national economy that can be performed by a person with Mr. Bredahl's limitations. This is not a case where the vocational expert opined that if the claimant's complaints of pain and limitations are discounted, that jobs exist in the national economy that he can perform. Instead, the vocational expert never was asked, nor did he render any opinion other than the opinion that given the claimant's restrictions, no jobs existed in the national economy in significant numbers. Under these circumstances the Commissioner has failed to carry the burden.

**IT IS HEREBY ORDERED** that the Plaintiff's motion for summary judgment is **GRANTED.**

**IT IS FURTHER ORDERED** that the Defendant's motion for summary judgment is **DENIED.** Commissioner is further **ORDERED** to calculate and award benefits in accordance with the judgment and opinion of the court.

Dated this 19th day of June, 2007, at Fargo, North Dakota.

_/s/ Ralph R. Erickson_____
Ralph R. Erickson
United States District Judge

6