IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| Randie L. Bredahl, | ) | |
| Social Security No. XXX-XX-8901, | ) | |
| | ) | **ORDER ON MOTION** |
| Plaintiff, | ) | **FOR ATTORNEY FEES** |
| | ) | |
| vs. | ) | Civil No. 3:05-cv-106 |
| | ) | |
| Jo Anne B. Barnhart, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is Plaintiff's Petition for Attorney Fees and Expenses under the Equal Access to Justice Act ("EAJA") (Doc. #25), as well as Plaintiff's Motion for Attorney Fees and Expenses under 42 U.S.C. § 406(b) (Doc. #27). Defendant objected to Plaintiff's Motion for Attorney Fees and Expenses under the EAJA (Doc. #30).

**FACTS**

A full factual summary can be found in the Court's previous order (Doc. #24).

Plaintiff sought recovery of both Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") before an Administrative Law Judge ("ALJ") who issued a decision on June 10, 2005, that Plaintiff was not disabled for the purposes of determining either DIB or SSI. After being denied a request for review by the Appeals Counsel on September 1, 2005, Plaintiff appealed to this Court. This Court granted Plaintiff's Motion for Summary Judgment and directed the Commissioner to award benefits to Plaintiff on June 19, 2007 (Doc. #24).

**ANALYSIS**

Plaintiff requests fees and costs pursuant to 28 U.S.C. § 2412(d)(1)(A) which states:
> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and

1

>other expenses, in addition to any costs awarded, . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

Therefore, when determining the awarding of attorney fees, the Court must establish whether or not the position of the Social Security Commissioner in denying benefits to the Plaintiff was substantially justified or if there are special circumstances that would make the awarding of attorney fees and expenses unjust.

In determining whether the Commissioner was substantially justified "the district court only considers whether there is a reasonable basis in law and fact for the position taken by the [Commissioner]." See Welter v. Sullivan, 941 F.2d 674, 676 (8th Cir. 1991). This means the Commissioner's position need only be "justified to a degree that could satisfy a reasonable person" to defeat a claimant's application for attorney's fees. Id. at 676.

However, this Court has determined that the ALJ's conclusion that there would be a substantial number of jobs available to Plaintiff is not credible or otherwise unsustained on the record. (Doc. #24). The Court bases this conclusion on "the clear evidence that Plaintiff cannot perform his prior work of manual labor and the vocational expert's unequivocal testimony that jobs do not exist in the national economy that can be performed by a person with [Plaintiff's] limitations." (Doc. #24). Therefore, the ALJ's decision in opposition of the indisputable evidence presented was unreasonable and was not substantially justified.

Because this Court has determined that the position of the Commissioner was not substantially justified and because there are no special circumstances that would make an awarding of attorney fees and expenses unjust, Plaintiff is entitled to recover attorney fees and expenses under the EAJA. Plaintiff is seeking $3,726.15 in attorney fees and $250 in expenses.

2

(Doc. 26-2). However, under the EAJA "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, . . . justifies a higher fee." 28 U.S.C. § 2412(d)(1)(A). Although the hourly rate suggested by Plaintiff is high, the Court finds that an increase in the cost of living since the statute's inception is warranted. Therefore, the amount requested by Plaintiff shall be reduced to $150 per hour to properly reflect a reasonable representation of the effort and time put forth by Plaintiff's counsel.

In addition to the awarding of attorney fees under the EAJA the Court may also award attorney fees and expenses pursuant to 42 U.S.C. § 406(b)(1)(A), which states:

> "Whenever a court renders a judgment favorable to a claimant, . . . the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits."

See also Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002). Plaintiff has submitted a motion setting attorney fees in the amount of 25% of the past due benefits. (Doc. #27). Before the Court awards any of the past due benefits the Court, under Gisbrecht, must determine "that the fee sought is reasonable for the services rendered." Id. at 807. The Court finds Plaintiff's fee of 25% of the past due benefits to be reasonable and grants the motion. Accordingly, when the Court authorizes awards under both the EAJA and § 406(b) "the claimant's attorney must refund to the claimant the amount of the smaller fee." Gisbrecht 535 U.S. at 796.[1]

Therefore, Plaintiff's motion for attorney fees of $3,726.15 will be reduced to $3,465

---

1 Although the total award of past due benefits is unknown to the Court, as it is yet to be determined by the Commissioner, Plaintiff's attorney is entitled to 25% of the past due benefits.

(calculated as $150/hr times 23.1 hours) and expenses of $250, totaling $3,715.00 under the EAJA is **GRANTED** and the award will be made payable to Plaintiff's attorney, Joanne Ottmar. Furthermore, Plaintiff's motion for attorney fees under 42 U.S.C. § 406(b) of 25% of Plaintiff's past due benefits is **GRANTED** and awarded to Plaintiff's attorney. Upon receiving both awards Plaintiff's attorney, Joanne Ottmar, is hereby **ORDERED** to pay to the Plaintiff the smaller of the two awards.

    **IT IS SO ORDERED.**

    Dated this 29th day of August, 2008.

                                                       /s/   Ralph R. Erickson
                                                Ralph R. Erickson, District Judge
                                                United States District Court